UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| VIVIAN T. NGUYEN, | No. SA CV 17-00605-SVW (DFM) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| M. HILL, Warden, | |
| Respondent. | |

On March 29, 2017, Vivian T. Nguyen ("Petitioner") constructively filed pro se a Petition for Writ of Habeas Corpus by a Person in State Custody, challenging her 2012 convictions by guilty plea in Orange County Superior Court. Dkt. 1 ("Petition").[1] The Petition appears to raise two claims: that

---

[1] Under the "mailbox rule," a pro se prisoner's habeas petition is constructively filed when she gives it to prison authorities for mailing to the court clerk. Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014); see also Houston v. Lack, 487 U.S. 266, 276 (1988). Under this rule, a court generally deems a habeas petition filed on the day it is signed, Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010), because it assumes that the petitioner turned the petition over to prison authorities for mailing that day, see Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (as

Petitioner pleaded guilty even though she was "suffer[ing] with schizoaffective disorder and [she] had no idea what she was doing" and that her counsel failed to adequately investigate her mental condition before advising her to plea. Id. at 5, 7.[2]

For the reasons discussed below, it appears that the Petition is untimely by more than 3 years. Petitioner is therefore ordered to show cause in writing by May 12, 2017, why the Petition should not be dismissed with prejudice as time barred.

**A.** **State-Court Proceedings**

On September 6, 2012, Petitioner pleaded guilty to charges of assault with a deadly weapon, child abuse and endangerment, and driving under the influence. Petition at 1; see also Superior Ct. of Cal., Cty. of Orange Online Servs., https://ocapps.occourts.org/Vision_PublicNS/ (search for case no. 11WF2062). That same day, she was sentenced to 9 years in state prison. Petition at 1; see also Superior Ct. of Cal., Cty. of Orange Online Servs., https://ocapps.occourts.org/Vision_PublicNS/ (search for case no. 11WF2062). Petitioner did not appeal.

On January 5, 2017, Petitioner filed a habeas petition in the California Court of Appeal, raising a claim similar to the ones she raises in her federal Petition: that Petitioner's guilty plea should be vacated because counsel was ineffective for failing to investigate Petitioner's medical condition given that Petitioner was suffering from schizoaffective disorder. Petition at 4; Appellate Cts. Case Information, http://appellatecases.courtinfo.ca.gov/search.cfm?dist

---

amended).

[2] Citations to the Petition and its attachments use the pagination provided by CM/ECF.

2

=43 (search for case no. G054477).³ On January 12, 2017, the Court of Appeal denied the petition "without prejudice so that [P]etitioner may file a petition in the superior court first." Petition at 5; Appellate Cts. Case Information, http://appellatecases.courtinfo.ca.gov/search.cfm?dist=43 (search for case no. G054477).

Petitioner states that on January 30, 2017, she filed a habeas petition in the Orange County Superior Court, alleging the same claim as her earlier state habeas petition.⁴ Petition at 3. The Superior Court denied the petition on March 15, 2017. Id.

According to the California Appellate Courts Case Information website, Plaintiff filed a state habeas petition in the California Supreme Court on January 30, 2017. See Appellate Cts. Case Information, http://www.courts.ca.gov/supremecourt.htm (search for case no. S239778). On March 15, 2017, the California Supreme Court denied the petition with citations to In re Robbins, 18 Cal. 4th 770, 780 (1998); People v. Duvall, 9 Cal. 4th 464, 474 (1995); and In re Swain, 34 Cal. 2d 300, 304 (1949).⁵ Appellate Cts. Case Information,

---

³ The California Appellate Courts Case Information website shows that Petitioner filed the petition on January 10, 2017, but Petitioner states that she filed it on January 5. See Petition at 5; Appellate Cts. Case Information, http://appellatecases. courtinfo.ca.gov/search.cfm?dist=43 (search for case no. G054477). The Court uses the earlier date when analyzing whether the federal Petition is timely.

⁴ For this petition, Petitioner listed the case number for her underlying criminal prosecution, 11WF2062. Petition at 4. The Orange County Superior Court's online information for that case does not show any activity after 2015. See Superior Ct. of Cal., Cty. of Orange Online Servs., https://ocapps.occourts.org/Vision_PublicNS/ (search for case no. 11WF2062).

⁵ Petitioner states that the Supreme Court denied her petition on March 30, 2017, and she does not list the date on which she filed it. See Petition at 2-3.

http://www.courts.ca.gov/supremecourt.htm (search for case no. S239778). Those citations indicate that Petitioner's claim was not stated with sufficient particularity and that it was untimely. See Thorson v. Palmer, 479 F.3d 643, 644-45 (9th Cir. 2007) (finding that citation to Robbins indicates that petition was rejected as untimely); King v. Roe, 340 F.3d 821, 823 (9th Cir. 2003) (per curiam) (finding that citations to Swain and Duvall indicate that claim has not been stated with sufficient particularity), abrogation on other grounds recognized by Waldrip v. Hall, 548 F.3d 729 (9th Cir. 2008).

**B.     The Petition Is Facially Untimely**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year limitation period applies to a federal petition for writ of habeas corpus filed by a person in state custody. See 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was sentenced on September 6, 2012. Petition at 1; see also Superior Ct. of Cal., Cty. of Orange Online Servs., https://ocapps.occourts.org/Vision_PublicNS/ (search for case no. 11WF2062). Because she did not appeal, see Petition at 2, her convictions and sentence became final 60 days later, on November 5, 2012. See Stancle v. Clay, 692 F.3d 948, 951 (9th Cir. 2012); Cal. R. Ct. 8.308(a) (notice of appeal must be filed within 60 days of judgment). Under § 2244(d)(1)(A), therefore, the AEDPA limitation period expired one year later, on November 5, 2013. See Patterson v. Stewart, 251 F.3d 1243, 1246-47 (9th Cir. 2001). Petitioner did not constructively file the Petition until March 29, 2017, more than 3 years after the limitation period expired.

///
///

4

## C. Later Trigger Date

From the face of the Petition, Petitioner is entitled to a later trigger date under § 2244(d)(1)(B), (C), or (D). She does not assert that she was impeded from filing her federal petition by unconstitutional state action. See § 2244(d)(1)(B). Nor are her claims based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See § 2244(d)(1)(C).

Finally, it appears that Petitioner has been long aware of the underlying factual predicate of her claims. See § 2244(d)(1)(D) (providing that limitation period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). First, Petitioner apparently has been long aware of her mental-health problems, as she states that she has had them "all her life" and that she herself advised trial counsel of her "mental medical condition." See Petition at 7. Moreover, Petitioner pleaded guilty in September 2012, and once in prison she began receiving mental-health treatment that was apparently successful. See id. at 17-18 (Dec. 2016 medical record showing that Petitioner began receiving mental-health treatment after being identified during "routine mental health screening at the reception center"; she was thereafter placed in "CCCMS LOC[6] due to her history of psychotic symptoms and debilitating

---

[6] This presumably refers to the "Correctional Clinical Case Management System" "level of care" at the prison. See Program Guide Overview, Mental Health Services Delivery System (2009 revision), available at www.cdcr.ca.gov/DHCS/docs/Mental%20Health%20Program%20Guide.pdf (last visited Apr. 14, 2017). Inmates at this level of care have "[s]table functioning in the general population," do not meet the criteria for higher levels of care, exhibit symptom control or are in partial remission as a result of treatment, and have a global assessment of functioning score of 50 or higher. Id. at 12-1-6 to 12-1-7. Thus, CCCMS "provide[s] care, monitoring and follow-up services to inmate-

anxiety"; and at the time of the evaluation, she had normal behavior, affect, speech, and thinking processes and was able to manage symptoms with psychiatric mediation). As such, it appears that Petitioner has been aware since September 2012—or soon thereafter—that she pleaded guilty despite suffering from mental illness. See § 2244(d)(1)(D); Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001) (holding that limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying claims, not when she realized their "legal significance").

### D. Statutory Tolling

Under AEDPA, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." § 2244(d)(2). Petitioner did not file a state habeas petition until at least January 5, 2017, long after the limitation period expired. Petition at 4; Appellate Cts. Case Information, http://appellatecases.courtinfo.ca.gov/search.cfm?dist =43 (search for case no. G054477). She therefore is not entitled to statutory tolling. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

### E. Equitable Tolling

Federal habeas petitions are subject to equitable tolling of the one-year limitation period in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). To be entitled to equitable tolling, the petitioner must show both "(1) that [she] has been pursuing [her] rights diligently, and (2) that some

---

patients whose condition is relatively stable and whose symptoms are largely controlled." Id. at 12-1-7.

6

extraordinary circumstance stood in [her] way" and prevented her timely filing. Id. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). "The petitioner must show that 'the extraordinary circumstances were the cause of [her] untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (quoting Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009)). "'[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted, alteration in original). Equitable tolling will therefore be justified in few cases. Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003); see also Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (2009) ("To apply the doctrine in 'extraordinary circumstances' necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances 'stood in [her] way' suggests that an external force must cause the untimeliness, rather than, as we have said, merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" (citation omitted, alteration in original)). The petitioner bears the burden of demonstrating that AEDPA's limitation period should be equitably tolled. See Pace, 544 U.S. at 418.

To qualify for tolling based on a mental illness, a petitioner must show that her impairment was so severe that either she was "unable rationally or factually to personally understand the need to timely file" or her "mental state rendered [her] unable personally to prepare a habeas petition and effectuate its filing." Bills v. Clark, 628 F.3d 1094, 1100 (9th Cir. 2010); accord Orthel v. Yates, 795 F.3d 935, 938 (9th Cir. 2015). Second, she must show "diligence in pursuing the claims to the extent [she] could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to

7

assistance." Bills, 628 F.3d at 1100. The mental illness must have existed "during the filing period." Id.

Petitioner does not contend that any extraordinary circumstance prevented her from filing a timely federal petition, nor does she allege any facts showing that she was reasonably diligent in pursuing her rights. Although she claims that she was so mentally ill at the time of her plea that she was unable to understand the consequences of her actions, she does not allege that her mental illness thereafter prevented her from understanding the need to timely file a federal petition or somehow prevented her from doing so. To the contrary, the December 2012 mental-health record attached to the Petition indicates that she had normal behavior, affect, speech, and thinking processes; was able to manage her mental-health symptoms with psychiatric medication; and had been receiving mental-health treatment since arriving at prison. Petition at 17-18. As such, it does not appear that Petitioner is entitled to any equitable tolling.

**F.    Conclusion**

A district court has the authority to raise the statute of limitations issue sua sponte when untimeliness is obvious on the face of a petition, and it may summarily dismiss the petition on that ground under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, as long as the court gives the petitioner adequate notice and an opportunity to respond. Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

IT THEREFORE IS ORDERED that on or before May 12, 2017, Petitioner show cause in writing why the Court should not dismiss this action with prejudice because it is untimely. If Petitioner intends to rely on the equitable-tolling doctrine, she will need to include with her response to this Order to Show Cause a declaration under penalty of perjury stating facts showing that (1) she has been pursuing her rights diligently and (2) "some

extraordinary circumstance stood in [her] way." She may submit any other evidence she deems appropriate to support her claim for tolling.

Petitioner is expressly warned that her failure to timely respond to this Order may result in her Petition being dismissed for the reasons stated above and for failure to prosecute.

Dated: April 17, 2017

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge